by the court at a Trial Term in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. Defendant furnished plaintiff, a painter, with an extension ladder to use in painting a house. The ladder not being long enough plaintiff placed it, without the knowledge or consent of defendant, upon a table which he found in the garden. When he had mounted near the top the table tilted, the ladder fell and he received the injuries complained of.

*E. C. Sherwood* and *Joseph B. Handy* for appellant.
*Bertram G. Eadie* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

WILLIAM A. MCDONNELL, Appellant, *v.* BERENT C. GERKEN et al., Copartners under the Firm Name of ADLER & ECKSTEIN, Respondents.

*Negligence — nuisance — elevators — employee of tenant in building injured through being caught between top of elevator and top of window in elevator shaft.*

McDonnell v. Gerken, 197 App. Div. 446, affirmed.
(Argued June 11, 1923; decided July 13, 1923.)

APPEAL from a judgment, entered August 4, 1921, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The plaintiff was employed by the sub-tenant of the two upper floors of a building owned and constructed by the defendant Gerken and leased to the defendants Adler & Eckstein, who occupied the first and second floors. An elevator shaft of brick extended from the ground floor to the roof on the west side of the front of the building. On the opposite side was a stairway leading to all the floors of the building.

In the wall of the street side of the shaft there was a window on each floor; the casement and sashes of these windows were set into the wall so that the window panes were about eight inches from the surface of the shaft wall. In this shaft was a freight elevator, the floor of which was seven feet five inches by five feet eight inches. The sides of the elevator were inclosed, but the front and rear were open, to allow entrance from the street and floors of the building. It was started and stopped by a cable on which was a safety clutch; when the clutch was closed it prevented the starting of the elevator. There was no one employed to operate the car. On the day in question the plaintiff brought furs that he had collected from the customers of his employer, and with the help of his assistant and his employer's shipping clerk loaded them on the elevator. The helper ran the elevator to the third floor, and the plaintiff rode up with the load. After his receipt book was signed, he returned to the elevator and stood looking out of the window in the elevator shaft while the furs were being transferred from the elevator. The elevator suddenly started up and the plaintiff was caught between the top of the window opening and the floor of the elevator and seriously injured.

*Valentine Taylor, Vincent L. Leibell* and *Joseph Force Crater* for appellant.

*James J. Mahoney* and *George J. Stacy* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

OWEN SHANLEY, Respondent, *v.* THE TOWN OF STILL-WATER, Appellant.

*Negligence — highways — damage to automobile through defect in highway.*

*Shanley* v. *Town of Stillwater,* 201 App. Div. 232, affirmed.

(Argued June 11, 1923; decided July 13, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department,